# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Billie Barry, | Civ. No. 18-1194 (MJD/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| Consolidated Asset Recovery Systems, Inc.; and Advanced Recovery Solution LLC, | |
| Defendants. | |

Plaintiff Billie Barry sued Consolidated Asset Recovery Systems, Inc. ("CARS"), and Advanced Recovery Solution LLC ("ARS"), alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (for engaging in conduct meant to harass or abuse, making false or misleading representations, and engaging in unfair practices when attempting to collect a debt); Minn. Stat. § 336.9-609 (for wrongful repossession); and Minnesota common law (for trespass to chattels/conversion). (Doc. No. 1, Compl. ¶¶ 51–63.) Plaintiff alleges that Defendants participated in the wrongful self-help repossession of Plaintiff's vehicle and did so with deliberate disregard for Plaintiff's statutory and common-law rights. This matter is before the Court on Plaintiff's Motion for Leave to Amend [the] First Amended Complaint to Plead Punitive Damages. (Doc. No. 34.) A hearing was held on Plaintiff's motion on January 23, 2019. For the reasons set forth below, Plaintiff's motion is granted in part and denied in part.

## BACKGROUND

In 2016, Plaintiff entered into a Retail Installment Sale Contract with a vehicle dealership to purchase a vehicle (the dealership rights were then assigned to Wells Fargo Bank, N.A.); under the contract, she was to make regular, monthly installment payments and the bank then had a security interest in the vehicle to secure payment. (Doc. No. 34-1, Proposed Second Amended Complaint ("PSAC") ¶¶ 8, 10, 14–15.) After over a year of making regular monthly payments, Plaintiff's payments became irregular, with some payments being late or only partial payments in late 2017. (*Id.* ¶¶ 16–19.) Sometime thereafter, Wells Fargo hired Defendant CARS (who in turn engaged Defendant ARS), to repossess Plaintiff's vehicle. (*Id.* ¶¶ 20–25.)

On January 11, 2018, at approximately 6:00 p.m., Defendant ARS agents Eric Settergren and Blake Koch went to Plaintiff's apartment complex to repossess Plaintiff's vehicle. (*Id.* ¶ 33; Doc. No. 37, Decl. of Thomas J. Lyons, Jr. ("Lyons Decl.") ¶¶ 5–6, Ex. 5 (Transcript of 10/2/18 Deposition of Eric Settergren) at 52; Ex. 6 (Transcript of 10/2/18 Deposition of Blake Koch) at 17.) At that time, the vehicle was parked in Plaintiff's garage, out of the agents' view. Mr. Settergren parked a tow truck near Plaintiff's garage and exited while Mr. Koch remained inside the tow truck. (Lyons Decl. ¶¶ 5–6, Ex. 5 at 51–52; Ex. 6 at 18.) Mr. Settergren somehow gained access inside Plaintiff's apartment complex, and began pounding on Plaintiff's apartment door and screaming, "Open the door or I will call the police!" (PSAC ¶¶ 34–35.) Plaintiff did not know who the person was or why they were there. (Lyons Decl. ¶ 3, Ex. 3 ("Barry Decl.") ¶ 5.) She did not answer the door, but instead hid in her bedroom with her

terrified nine-year-old son. (PSAC ¶ 36.) The pounding and yelling continued for approximately twenty minutes. (PSAC ¶ 37.) Shortly thereafter, the agent began pounding on Plaintiff's sliding glass patio door, which further frightened Plaintiff because she remembered that the patio door was unlocked. (PSAC ¶ 39; Barry Decl. ¶ 6.) After approximately ten minutes, it again became quiet. (PSAC ¶ 40.) The agent then walked back to the apartment complex entrance and began incessantly calling Plaintiff on her cellphone using the apartment building's intercom system. (PSAC ¶ 41.)

Sometime thereafter that evening, Plaintiff contacted her stepmother, Mary Hagen, and told her what was happening. (PSAC ¶ 42.) The next morning on January 12, 2018, the entire past due amount for the vehicle was paid. (PSAC ¶ 45; Lyons Decl. ¶ 4, Ex. 4 ("Hagen Decl.") ¶ 5.) Plaintiff did not leave her apartment the entire day or night of January 12, 2018. (PSAC ¶ 44–47; Barry Decl. ¶ 10.) According to document invoices (which are referenced in the PSAC), the agents had returned to Plaintiff's apartment complex on January 12, 2018, and repossessed Plaintiff's vehicle. (Lyons Decl. ¶¶ 7–9, Ex. 7 (1/15/18 Invoice); Ex. 8 (2/5/18 Invoice); *see also* Ex. 9 (I-Repo Notes).) Plaintiff alleges that they did so by breaking into her garage and damaging the garage door and garage door frame in the process. (PSAC ¶ 46–47.) Plaintiff realized that they had repossessed her vehicle on January 13, 2018, when she left her apartment. (PSAC ¶ 47.) Ultimately, her vehicle was returned to her on January 16, 2018. (PSAC ¶ 50.)

## DISCUSSION

Based on the above alleged facts, Plaintiff seeks to amend her Complaint to assert a claim for punitive damages. She asserts she should be afforded an opportunity to do so pursuant to Federal Rule of Civil Procedure 15.[1] Defendants oppose Plaintiff's motion.

Except where amendment is permitted as a matter of course, under Federal Rule of Civil Procedure 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave [and] [t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Despite this liberal standard, a party does not have an absolute right to amend. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). It is well established that a motion to amend should be denied if "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005). The determination as to whether to grant leave to amend pursuant to Federal Rule of Civil Procedure 15 is within the sound discretion of the court. *See, e.g.*, *Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 394 (8th Cir. 2016).

Although the Federal Rules establish the process for determining whether to grant a motion to amend to add a claim for punitive damages, Minn. Stat. § 549.20 establishes the substantive legal standard for liability for punitive damages under Minnesota law. The statute provides as follows:

(a) Punitive damages shall be allowed in civil actions only upon clear and convincing evidence that the acts of the defendant show deliberate disregard for the rights or safety of others.

(b) A defendant has acted with deliberate disregard for the rights or safety of others if the defendant has knowledge of facts or intentionally disregards facts that create a high probability of injury to the rights or safety of others and:

(1) deliberately proceeds to act in conscious or intentional disregard of the high degree of probability of injury to the rights or safety of others; or

(2) deliberately proceeds to act with indifference to the high probability of injury to the rights or safety of others.

Minn. Stat. § 549.20. The Court is informed by this substantive standard when considering whether Plaintiff's Proposed Second Amended Complaint has alleged a plausible claim for punitive damages.

## ANALYSIS

Plaintiff seeks leave to amend her Complaint to add a claim for punitive damages

---

[1] Although Plaintiff argues that Rule 15 governs, Plaintiff asserts that she also has met her burden under Minn. Stat. § 549.191—Minnesota's state procedural law—to assert punitive damages. In conformity with other recent decisions in this District, the undersigned concludes that Rule 15 and not Minn. Stat. § 549.191 controls the adjudication of motions to amend. *See, e.g.*, *In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, No. 15-2666 (JNE/FLN), 2017 WL 5187832 (D. Minn. July 27, 2017) (denying Plaintiff's motion to amend to plead punitive damages under a Federal Rule of Civil Procedure 15 framework). With that said, the Court notes that Plaintiff has met the evidentiary burden under § 549.191 as well. In addition, the Court notes that even though Rule 15 does not require the same evidentiary support as § 549.191, under the Federal Rules, pleadings must meet the requirements in Federal Rule of Civil Procedure 11(b). *See* Fed. R. Civ. P. 11(b)(3) ("By presenting to the court a pleading . . . an attorney . . . certifies that . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]").

5

for Defendants' alleged violations of Minn. Stat. § 336.9-609 and Minnesota common law. Therefore, the substantive requirements for punitive damages contained in Minn. Stat. § 549.20 apply. "To meet the substantive requirements for punitive damages under Minnesota law, a party must show—by clear and convincing evidence—that the defendant acted with 'deliberate disregard for the rights or safety of others.'" *Target Corp. v. LCH Pavement Consultants, LLC*, 960 F. Supp. 2d. 999, 1010 (D. Minn. 2013). (quoting Minn. Stat. § 549.20, subd. 1(a)). Deliberate disregard has been statutorily defined to mean "the defendant has knowledge of facts or intentionally disregards facts that create a high probability of injury to the rights or safety of others." Minn. Stat. § 549.20, subd. 1(b). Plaintiff argues that an amendment to allow for pleading punitive damages should be allowed because Defendants acted with deliberate disregard for her rights, and no other compelling reason exists to deny Plaintiff the amendment. (Doc. No. 36, Pl.'s Mem. of Law in Supp. of Mot. for Leave to Amend ("Pl.'s Mem.") 17–18.)

Defendants argue that the Rule 15 amendment should not be granted because "CARS and ARS do not consent to allow Plaintiff to amend her Complaint to add punitive damages," and "justice does not require it" because "Plaintiff has failed to make a prima facie showing she is entitled to punitive damages." (Doc. No. 43, Defs.' Consolidated Resp. to Pl.'s Mot for Leave to Amend ("Defs.' Resp.") 5.) Defendants seem to argue that the factual record precludes a finding of deliberate disregard because the facts Plaintiff relies on are "mere allegations, and are in dispute." (*Id.* at 1.) Defendants essentially are making a futility argument, albeit focusing on the resolution of the merits of the underlying claims rather than on whether Plaintiff has pleaded a

6

plausible claim of deliberate disregard under Minn. Stat. § 549.20.² (*See id.*)

When undertaking a futility analysis the court "look[s] only to the facts alleged in the complaint and construe[s] those facts in the light most favorable to the plaintiff." *Riley v. St. Louis Cty. of Mo.*, 153 F.3d 627, 629 (8th Cir 1998); *see also Arias v. Am. Family Mut. Ins.*, No. 13-cv-1681 (PJS/JJG), 2013 WL 12145854, *2 (D. Minn. Oct. 28, 2013) (stating, "[n]o matters outside the pleading may be considered" when conducting a futility analysis under Rules 12(b)(6) and 15). The Court also accepts as true all of the factual allegations in the complaint and draws all reasonable inferences in Plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).

A futility challenge to a motion to amend a complaint is successful where "claims created by the amendment would not withstand a Motion to Dismiss for failure to state a claim upon which relief can be granted." *DeRoche v. All Am. Bottling Corp.*, 38 F. Supp. 2d 1102, 1106 (D. Minn. 1998); *see also Lunsford v. RBC Dain Rauscher, Inc.*, 590 F. Supp. 2d 1153, 1158 (D. Minn. 2008) (stating that a motion to amend is futile if the amended complaint would not survive a motion to dismiss).³ To survive a motion to

---

²     Defendants make no argument that Plaintiff's motion should be denied because of undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party.

³     Because punitive damages are a prayer for relief and not a cause of action, one might argue they are not a claim suited for a motion to dismiss under Rule 12. *See, e.g., Oppenheimer v. Southwest Airlines Co.,* No. 13-CV-260, 2013 WL 3149483, at *3 (S.D. Cal. June 17, 2013). Futility of the amendment, however, is the only argument apparently raised by Defendants to deny the present motion under Rule 15. Therefore, this Court does not depart from the settled futility framework when analyzing whether the motion to amend to add punitive damages as a request for relief should be granted.

dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* at 556. Whether a complaint states a claim is a question of law. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).

The question here is whether Plaintiff has pleaded enough facts to plausibly support a claim for punitive damages under Minn. Stat. § 549.20. Because Plaintiff asserts claims for punitive damages against both Defendant ARS and CARS because of each of their deliberate disregard for Plaintiff's rights, and because the allegations in Plaintiff's PSAC indicate separate actions taken by the ARS Defendant, the Court takes up the pleading inquiry as to each Defendant separately.

### a. Punitive Damages against Defendant ARS

The relevant facts provided by Plaintiff in her PSAC, or which can reasonably be implied by those facts pleaded, relating to the actions of Defendant ARS, are as follows:

- Defendant ARS, who was engaged by Defendant CARS to repossess Plaintiff's vehicle (PSAC ¶¶ 20–25), deployed agents on January 11, 2018, to repossess Plaintiff's vehicle. (*Id.* ¶ 33.)

- Defendant ARS's agent gained access inside Plaintiff's apartment complex, and began pounding on Plaintiff's apartment door and screaming, "Open the door or I will call the police!" (PSAC ¶¶ 34–35.)

- The pounding and yelling continued for approximately twenty minutes. (PSAC ¶ 37.)

- Shortly thereafter, the ARS agent began pounding on Plaintiff's sliding glass patio door, which frightened Plaintiff because she remembered that the patio door was unlocked. (PSAC ¶ 39.)

- After approximately ten minutes, the ARS agent then walked back to the apartment complex entrance and began incessantly calling Plaintiff on her cellphone using the apartment building's intercom system. (PSAC ¶ 40–41.)

- On the morning of January 12, 2018, the entire past due amount for the vehicle was paid, and that was communicated to ARS. (PSAC ¶ 45; Lyons Decl. ¶ 9, Ex. 9.)

- An ARS agent nonetheless returned to Plaintiff's apartment complex on January 12, 2018 (which is supported by document invoices), and repossessed Plaintiff's vehicle. (Lyons Decl. ¶¶ 7–9, Ex. 7 (1/15/18 Invoice); Ex. 8 (2/5/18 Invoice); *see also* Ex. 9 (I-Repo Notes).)

- According to Plaintiff, the ARS agent repossessed her vehicle by breaking into her garage and damaging the garage door and garage door frame in the process. (PSAC ¶ 46–47.)

These allegations, assumed true as they must be, are sufficient to raise a plausible claim that Defendant ARS acted in deliberate disregard of Plaintiff's rights when its agent repossessed Plaintiff's vehicle. Plaintiff plausibly alleges that Defendant ARS, through its agent, knew the repossession request had been closed, yet it continued its repossession efforts and did so by entering Plaintiff's garage without her permission. Plaintiff's allegations are sufficient to state a claim that ARS deliberately disregarded her rights under Minnesota law. At this stage, the Court considers Plaintiff's allegations alone. Whether the evidence will eventually show that ARS's actions were lawful, and that its conduct did not meet the standard of deliberate disregard for Plaintiff's rights, is a matter to be addressed on summary judgment when more than just pleadings are considered. Based on the PSAC, however, Plaintiff's allegations give rise to a reasonable

inference that ARS deliberately proceeded to act in conscious or intentional disregard of the high degree of probability that it was interfering with Plaintiff's property rights by the repossession of her vehicle. *See In re Mercer*, 48 B.R. 562 (Bankr. D. Minn. 1985) (recovering punitive damages where employees of creditor kicked in debtor's back door, scaring the debtor's children effectuating a repossession of debtor's leased stereo); *see also Sieren v. Am. Family Fin. Servs. of Wisc., Inc.*, 356 N.W.2d 408, 410–12 (Minn. Ct. App. 1985) (reinstating jury's punitive damage award for conversion and wrongful repossession of a vehicle). Simply put, because of the facts alleged, the Court cannot conclude that Plaintiff's claim for punitive damages would be futile. Therefore, the Court grants Plaintiff's motion as to ARS.[4]

### b. Punitive Damages against Defendant CARS

A different result, however, is required with respect to Defendant CARS. The only facts provided by Plaintiff in her PSAC relating to Defendant CARS are as follows:

- Wells Fargo hired Defendant CARS to acquire Plaintiff's vehicle through repossession and collection efforts. (PSAC ¶ 20.)

- Defendant CARS acted as an agent of Wells Fargo when it engaged in collection efforts. (PSAC ¶ 21.)

---

[4] Defendant asserts that Plaintiff's allegations are disputed by other evidence and they dispute whether Plaintiff has viable claims against them per any fair debt collections law. These arguments are outside of the Court's inquiry on a pleading motion such as this one, but are arguments that could be raised later by summary-judgment motion. *See Tholen v. Assist Am. Inc.*, No. 17-cv-3919 (DWF/SER), 2018 WL 3848434, at *3 (D. Minn. Aug. 13, 2018) (granting leave to amend to assert punitive damages and finding the parties' arguments were "best left for summary judgment where the benefit of a fully developed factual record and more fulsome briefing of the legal issue will allow the Court to address the specific legal implications of the facts as applied to the law"). Nothing in this Order bars Defendants from challenging the alleged facts and asserting legal defenses to all claims as the case progresses.

10

- Defendant CARS acted within the course and scope of the agency relationship. (PSAC ¶ 22.)

- Defendant CARS hired ARS to acquire Plaintiff's vehicle "through self-help repossession and collection efforts." (PSAC ¶ 23.)

Plaintiff has not adequately pleaded facts showing that CARS was sufficiently involved in the alleged wrongful repossession to support a plausible claim that CARS itself deliberately disregarded Plaintiff's rights. While Plaintiff states in a conclusory fashion that CARS hired ARS to acquire the vehicle through "self-help" repossession, and that ARS acted as an agent of Wells Fargo when it engaged in collection efforts, Plaintiff does not allege facts that would support any inference that CARS specifically directed ARS to conduct the repossession in the manner that it did. The allegations in the PSAC support a reasonable inference that CARS hired ARS to do the ground work on the repossession and collection efforts, but a reasonable inference cannot be drawn from the allegations that CARS itself directly and deliberately disregarded Plaintiff's rights or that it deliberately disregarded information that would result in a high probability of harm to Plaintiff. Therefore, Plaintiff's request to add a claim for punitive damages against CARS is denied.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Leave to Amend First Amended Complaint to Plead Punitive Damages (Doc. No. 34) is **GRANTED IN PART** and **DENIED IN PART**.

2. On or before **February 5, 2019**, Plaintiff shall file a Second Amended Complaint in a substantially similar form as the Proposed Second Amended Complaint filed in support of Plaintiff's motion (*i.e.*, Doc. No. 34, Ex. 1); however, Plaintiff should remove claims asserted against Wells Fargo (consistent with the Stipulation and Order at Doc. Nos. 47, 48), Plaintiff should remove the punitive damages claim asserted against CARS, and Plaintiff should file the Exhibits referenced as Exs. 7–9 in the PSAC as Exs. 1–3 of the Second Amended Complaint.

Dated: January 29, 2019        *s/ Becky R. Thorson*
                               BECKY R. THORSON
                               United States Magistrate Judge